UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA

vs.                                                                    CASE NO.: 113J 2:17 CR 63-1

SILVERLY ANN MAY
_____/

**DEFENDANT SILVERLY ANN MAY'S MOTION FOR DOWNWARD
DEPARTURE/VARIANCE AND SENTENCING MEMORANDUM**

The Defendant, Silverly Ann May, by and through the undersigned counsel, pursuant to 18 U.S.C. §3553 and Rule 32 of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court for a downward departure/variance from the advisory guideline range and provides this sentencing memorandum.

**OVERVIEW**

"She still feels intrusive experiences and she, in my opinion, is in a form of denial in regard to her own traumatic experience." Dr. Stephen Bloomfield report, page 3.  "It is my opinion, her psychological condition is impaired, she has not been in significant counseling and that the result of the "PTSD" which was caused by … then continued psychologically when she was not believed by her family and in some cases, almost blamed." Id. Pg. 7.  "In my opinion, [this] causes her to react in a dependent and vulnerable manner when it comes to men who she proceeds as strong and in authority." Id. Pg. 7

David Muyres, her benefactor, her boss, was that man in authority. He loaned her family money in times of financial distress.  He provided her employment. He controlled the terms of her employment.  When she questioned the legitimacy of their acts at the clinic it was David Muyres

who assured her everything was legal, after all she was not a doctor.

It was this dependency on David Muyres which contributed to her ability to deny the obvious, – the clinic was a pill mill. The doctor was a fraud. David Muyres was manipulating and exploiting her administrative skills to effectively run the clinic just as she had effectively run his multiple other legitimate business concerns.

David Muyres continues to attempt to manipulate her until well after the execution of the search warrant on the clinic.  Silverly May resists those overtures. Several examples of exchanges from Mr. Muyres to Ms. May include:

> February 2, 2018 – Muyres writes, "after a difficult ordeal. (without my wonderful assistant), I received W-2 today… I will drop yours in the mail."

> Later – he writes – "I saw at my grand jury testimony some paperwork which indicated you finalized a deal three weeks ago. I continued to pray for leincy (sic) and favor from the Judge for you and your family… there will be a day Silverly in the future that I will try to make up for this anxiety and financial stress I put you and your family in…"

It is ironic the Pre-Sentence Investigation Report recommends a three- level rule guideline enhancement for manager or supervisor because Silverly May was the business face of the clinic. She performed her assignments well. She kept the books, she tried to keep the doctor on task, she hired local law enforcement to provide security and she performed a multitude of other day to day responsibilities.  However, she received a salary consistent with her skills as an administrative assistant. There was no production or profit based incentive for her. It is also ironic that those same skills as bookkeeper provided the United States with all it needed it terms of business records for the

clinic.

Everything about her behavior at the clinic and for that matter in her personal life as summarized in the excellent Pre- Sentence Investigation Report is consistent with Dr. Bloomfield's report and findings. He observes, "she seems in a relative state of denial in regard to the abuse she experienced as a child. She goes overboard to present herself favorably and this extends to how she wants to be perceived as an employee. It ultimately is a dependency that is ineffective in the long run." Id pg. 2. Her conviction and sentence are proof of that ineffectiveness. The long run is December 20.

## DEPARTURE/VARIANCE

§5H1.3 USSG provides in part "mental and emotional conditions may be relevant in determining whether a departure is warranted. If such conditions, individually or in combination of other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." Given the nature of the of the long undiagnosed trauma and her otherwise sterling characteristics, it is hard to imagine a more appropriate case for the application of this departure than this case.

18 U.S.C. §3553(a) in part provides "the court in determining the particular sentence to be imposed, shall consider: 1) the nature and circumstances of the offense and the history and characteristics of the Defendant." There is no dispute that the nature and circumstances of this crime are very serious. Conversely, a woman who has carried the devasting emotional scars described in the Pre-Sentence Report her entire adult whole life but conducted herself as a law abiding for many years before getting herself mixed up in this tragedy, stands before this Court.

Other 3553(a) factors that are the relevant to the Court's determination which are not fully

developed in the Pre-Sentence Investigation Report included the following. Over the last six months Ms. May effectively has become the guardian/custodian for her 15- month-old grandson. Her son became the custodian for the infant child after the child's mother was arrested for abusing another child. Both her son and the child now live with Ms. May and her family. Ms. May home schools her emotionally troubled eleven- year old daughter. In other words, she now works part-time, home schools her eleven- year-old, and takes care of her grandson.

Ms. May submits a downward variance is appropriate if the Court concludes the guidelines departure is not warranted.

## MEMORANDUM OF LAW

It is well-settled a district court should begin all sentencing proceedings by correctly calculating the applicable guidelines range, *Gall v. United States,* 128 S.Ct. 586, 596 (2007). However, the sentencing court "may not presume that the guideline range is reasonable" *Id.* at 59697. Otherwise, the advisory, rather than mandatory, role of the guidelines, which was found critical to the constitutional issues raised in *Booker* is undermined. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d. 621 (2005).

The guidelines help advise but do not mandate a reasonable sentence under 18 U.S.C. §3553. The Court stated in *Gall*, "after giving both parties the opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party" *Id.*

The operational litmus test for the Court is ultimately and always that a sentence "shall be sufficient, but not greater than necessary to comply with the purposes of [18 USC §3553] and substantively reasonable." *United States v. Early*, 686 F. 3d 1219 (11th Cir. 2012).

Ms. May is confident this Court will impose a substantively reasonable sentence.

Respectfully submitted,

*S:// Thomas M. Bell*
THOMAS M. BELL, #0615692
301 West Bay Street, Suite 1460
Jacksonville, Florida 32202
Telephone (904) 354-0062
Telecopier (904) 353-1315
tbellesq@bellsouth.net
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of December, 2018, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following:  Karl Knoche, A.U.S.A.

*S:// Thomas M. Bell*
Thomas M. Bell
